IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ADAM HILL                                                                                           PLAINTIFF
ADC #601559

v.                                    3:21-cv-00046-BRW-JJV

JOE PAGE, III, Warden, Grimes Unit, *et al.*                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

I.      **INTRODUCTION**

Adam Hill ("Plaintiff") is a convicted prisoner in the Tucker Unit of the Arkansas Division of Correction ("ADC"). He has filed an Amended Complaint alleging Defendant Corporal Ethan Creasey violated his Eighth Amendment rights by failing to protect him from contracting Covid-

1

19 while he was in the Grimes Unit.[1]  (Doc. 4.)   Plaintiff brings this claim against Defendant Creasey in his individual capacity only, and damages are the only relief he seeks. (*Id.*)

Defendant Creasey has filed a Motion to Dismiss arguing he is entitled to qualified immunity.  (Docs. 41, 42.)   Plaintiff has filed Objections to a prior Partial Recommended Disposition that include his Response to Defendant Creasey's Motion to Dismiss.   (Doc. 44.) After careful consideration and for the following reasons, I recommend the Motion be GRANTED, Plaintiff's claims against Defendant Creasey be DISMISSED without prejudice, and this case be CLOSED.

## II.     MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.  *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).  When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).   The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585,

---

[1] All claims against all other Defendants named in the Amended Complaint have been previously dismissed without prejudice.   (Docs. 17, 45.)

594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557).

## III.   ALLEGED FACTS

The relevant facts, as alleged in the Amended Complaint and attached exhibits, are as follows.[2] (Doc. 4.) Plaintiff arrived at the Grimes Unit on November 9, 2020. At the time, he did not have Covid-19 or any symptoms. Plaintiff and other newly arriving prisoners were placed in quarantine in Barrack 4. Plaintiff says that on November 14, 2020, Corporal Creasey stood in the doorway of Barrack 4 "talking to inmates not wearing his Covid-19 mask."[3] (Doc. 4 at 13.)

---

[2] A court may consider attachments to a complaint when determining whether a plausible claim has been pled. *Park Irmat Drug Corp. v. Express Scripts Holding Co.,* 911 F.3d 505, 512 (8th Cir. 2018); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[3] According to a grievance attached to the Amended Complaint, the inmates Corporal Creasey

3

Plaintiff also says that on November 18, 2020, Officer Creasey came into Barrack 4 after being in "5 barracks which was a positive for Covid." (*Id.*) According to Plaintiff, Corporal Creasey was wearing a gown, mask, and gloves he had worn in Barrack 5, and his mask was pulled down below his chin instead of covering his mouth and nose. (*Id.*) Plaintiff says when he told Corporal Creasey "to get out of the barracks wearing infected PPE gear," Creasey said "shut the fuck up" and "threatened to throw the gown on our floor." (*Id.*) Approximately three weeks later, on December 8, 2020, Plaintiff tested positive for Covid-19. Plaintiff believes he did so because Corporal Creasey, as well as several other non-party officers, failed to comply with safety protocols.

## IV. DISCUSSION

Qualified immunity protects government officials from § 1983 liability for damages if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019); *L.G. through M.B. v. Columbia Pub. Sch.* 990 F.3d 1145, 1147 (8th Cir. 2020). Whether qualified immunity applies is a question of law, not fact, for the court to decide. *Kelsay v. Ernest,* 933 F.3d 975, 981 (8th Cir. 2019). And, because it is "an immunity from suit" rather than a mere defense, whether qualified immunity applies should be resolved "at the earliest possible stage in the litigation." *Johnson v. Moody,* 903 F.3d 766, 772 (8th Cir. 2018); *Duhe v. City of Little Rock,* 902 F.3d 858, 861 (8th Cir. 2018).

Defendant Creasey is entitled to qualified immunity if: (1) the facts, as alleged in the Amended Complaint, do not state a plausible constitutional violation; or (2) the constitutional right

---

was speaking to were inside the barrack and standing behind a yellow line that is used to separate officers from prisoners. (Doc. 4 at 63).

was not clearly established at the time of the alleged violation, such that a reasonable official would not have known his or her actions were unlawful. *See MacKintrush v. Pulaski Cty. Sheriff's Dep't*, 987 F.3d 767, 770 (8th Cir. 2021); *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson v. Callahan,* 555 U.S. 223, 236 (2009); *Mogard v. City of Milbank*, 932 F.3d 1184, 1188 (8th Cir. 2019). I find Defendant Creasey is entitled to qualified immunity based on the first prong of the analysis.

Specifically, to state a plausible Eighth Amendment claim the Amended Complaint must contain facts suggesting: (1) objectively, there was a substantial risk of serious harm that Plaintiff would contract Covid-19; and (2) subjectively, Defendant Creasey knew of and disregarded that substantial risk of serious harm. *Vandevender* 970 F.3d at 975 (8th Cir. 2020); *Blair v. Bowersox*, 929 F.3d 981, 987 (8th Cir. 2019). Importantly, the threshold for establishing deliberate indifference is high. Negligence and even gross negligence are not enough. *Patterson v. Kelley*, 902 F.3d 845, 852 (8th Cir. 2018); *Doe v. Flaherty*, 623 F.3d 577, 584 (8th Cir. 2010). Instead, deliberate indifference, which is "equivalent to criminal-law recklessness," requires "a reckless disregard of the known risk." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011); *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013).

Plaintiff's allegation that Corporal Creasey violated Covid-19 protocols, on two occasions, at most suggests negligence, which is not enough to sustain a deliberate indifference claim. *See e.g. Smith v. Faust*, No. 3:20-cv-390-DPM-JJV, 2021 WL 1300390, at *5 (E.D. Ark. Mar. 16, 2021) ("Plaintiff's allegations that these Defendants did not wear their masks properly for a period of minutes on one day or a couple of days may sound in negligence, but are insufficient to establish deliberate indifference"), *recommendation adopted,* 2021 WL 1299196 (E.D. Ark. Apr. 7, 2021);

*Abdulaziz/Askew v. Payne*, No. 4:20-cv-529-JM-BD, 2020 WL 7083487, at *2 (E.D. Ark. Nov. 18, 2020) (prisoner's allegation that he was not given a mask to prevent him from contracting Covid-19 was at most negligence), *recommendation adopted*, 2020 WL 7083227 (E.D. Ark. Dec. 3, 2020); *Tate v. ADC*, 4:20-cv-558-BSM-BD, 2020 WL 7367864 at *9-10 (E.D. Ark. Dec. 15, 2020) (prisoner's allegation that ADC officials acted negligently in failing to prevent the spread of Covid-19 was insufficient to state a deliberate indifference claim), *recommendation adopted,* 2020 WL 7367864 (E.D. Ark. Dec. 15, 2020); *Johnson v. Entzel*, No. 21-1013-JBM, 2021 WL 231732, at *2 (C.D. Ill. Jan. 22, 2021) (plaintiff's allegations about "a lack of social distancing and inconsistent mask use at the prison do not suggest that the conditions of plaintiff's confinement are inhumane or that defendants are acting with deliberate indifference to a significant risk of harm to plaintiff's health or safety").

Plaintiff says Corporal Creasey's vulgar comment to him, on November 18, 2020, indicates recklessness. But vulgar language and threats, while unprofessional, are common in the prison setting. *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 759 (8th Cir. 2001); *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). And there are causation problems with Plaintiff's allegations. Plaintiff does <u>not</u> claim Corporal Creasey had Covid-19 on either November 14 or 18, 2020. Similarly, Plaintiff does <u>not</u> allege he, as opposed to other inmates, was in close proximity to Corporal Creasey on either occasion. *See Schaub*, 638 F.3d at 921 (8th Cir. 2011) (a court may dismiss a claim "where the casual link" between the defendant's alleged conduct and the prisoner's injury "is so tenuous as to justify taking it from the trier of fact"); *Latimore v. Widseth*, 7 F.3d 709, 716 (8th Cir. 1993) (dismissal is appropriate where there is no "causal relationship between a defendant's conduct and a plaintiff's constitutional deprivation"). And, Plaintiff says in his Amended Complaint that numerous ADC officers failed to properly comply

6

with Covid-19 precautions and protocols. Thus, Plaintiff's belief that he contracted Covid-19 almost three weeks after Defendant Creasey alleged violated safety precautions, on November 14 and 18, is simply too speculative to sustain an Eighth Amendment violation. *See Lenz v. Wade*, 490 F.3d 991, 996 (8th Cir. 2007) ("neither unsupported conjecture nor negligence regarding a substantial risk of serious harm" is sufficient to establish deliberate indifference). For these reasons, I conclude Defendant Creasey is entitled to qualified immunity because the facts, as alleged in the Amended Complaint, do not state a plausible constitutional violation.

Finally, Defendant asks the court to impose a "strike" under 28 U.S.C. § 1915(g). That statute provides, in pertinent part, that a prisoner cannot proceed *in forma pauperis* if he or she "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is *frivolous, malicious, or fails to state a claim* upon which relief may be granted." (Emphasis added.) If this recommendation is adopted, there will be three orders of dismissal in this case. The first order, issued on March 29, 2021, dismissed several Defendants because Plaintiff failed to plead plausible claims against them, which is clearly one of the grounds mentioned in § 1915(g) for imposing a strike. (Doc. 17.) The second order, issued on June 2, 2021, dismissed Plaintiff's claims against several more Defendants because, as in this current recommendation, they were entitled to qualified immunity. (Doc. 45.) Qualified immunity is not one of the reasons listed in § 1915(g) for imposing a strike. But in this recommendation and the June 2, 2021 order of dismissal, the Defendants were/are being granted qualified immunity under the first prong of the analysis, *i.e.,* the facts as alleged in the Amended Complaint do not state a plausible constitutional violation. This is the same as concluding the Amended Complaint fails to state a claim upon which relief may be granted. *See Reberger v. Baker*, 657 F. App'x 681 (9th Cir. 2016) (unpublished opinion)

7

(counting a Rule 12(b)(6) dismissal based on qualified immunity as a strike). Accordingly, I recommend the dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion to Dismiss (Doc. 41) be GRANTED, Plaintiff's claim against Defendant Creasey be DISMISSED without prejudice, and this case be CLOSED.

2. Dismissal of this case count as a "strike," pursuant to 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. §1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of June 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE